**The below described is SIGNED.**

**Dated: July 06, 2008**   _____
**GLEN E. CLARK**
**U.S. Bankruptcy Judge**

_____

Blake S. Atkin # 4466
Joseph H. Pugsley #11218
ATKIN LAW OFFICES, P.C.
837 South 500 West, Suite 200
Bountiful, Utah 84010
Telephone: (801) 533-0300
Facsimile: (801) 533-0380
Email: batkin@atkinlawoffices.net

Attorneys for Westover Dairy, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE:<br><br>MICHAEL SCOTT HUGHES<br><br>Debtor, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| WESTOVER DAIRY, LLC<br><br>Plaintiff,<br>v.<br><br>MICHAEL SCOTT HUGHES<br><br>Defendant. | Bankruptcy No. 05-80062<br><br>Adversary Proceeding No. 06-02165<br><br>Chapter 7<br><br>Judge Glen E. Clark |

This adversary proceeding came on regularly for trial before this Court on April 28, 2008. Plaintiff was represented by Blake S. Atkin and Joseph H. Pugsley and Defendant was represented by Andres Diaz. The Court, having read the written submissions of the parties and having heard the evidence and oral arguments of counsel, enters the following Findings of Fact and Conclusions of Law.

**Filed: 06/05/08**

## FINDINGS OF FACT

1. This is a Complaint under §727(a)(2)(A) of the United States Bankruptcy Code to deny the debtor ("Defendant") a discharge.

2. Under §727(a)(2)(A) of the United States Bankruptcy Code:

[t]he court shall grant the debtor a discharge, unless (2) the debtor, with intent to hinder, delay, or defraud a creditor …, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition.

3. The Plaintiff must prove the elements of its Complaint by a preponderance of the evidence.

4. The Court construes the evidence in favor of the Defendant and against the Plaintiff.

5. The Plaintiff's attorney, in attempting to collect a judgment from the Defendant, asked the Defendant in supplemental proceedings within one year of the bankruptcy, if he had any interest in or right to receive money from any stock.

6. The Defendant replied "No."

7. In Defendant's Statement of Financial Affairs filed in this Court, the Defendant reported income from the sale of stock in the amount of $53,261.46.

8. The Defendant claims, in defense of Plaintiff's §727(a)(2)(A) Complaint, that this and other stock held in the name of the Defendant actually belonged to a trust of which Defendant's spouse was the beneficiary.

9. This claim is an affirmative defense and the Defendant has the burden of proof.

10. There is no evidence of a trust interest in the stock which the Court finds credible.

11. An oral trust and its terms may be established only by clear and convincing evidence. Utah Code Annotated §75-7-407.

12. The factors which lead the Court to believe that there was no trust are that:

    a) No trust instrument is available to the Court;

    b) There is no evidence that the trust was ever funded at its inception, such as a cancelled check or other evidence;

    c) There is no copy of a promissory note from Trade the Planet which is the investment from which the $53,261.46 of disclosed income originated;

    d) There is no copy of the foreclosure statements with respect to the Trade the Planet stock;

    e) There is no evidence and no documentation of any stock that was issued in the trust's name; and

    f) There is no documentation of payment by the Defendant to the trust upon the sale of any stock.

13. The Court finds that there is insufficient evidence a trust exists or that a trust had any interest in the stock.

## CONCLUSIONS OF LAW

1. There is insufficient evidence that a trust exists or that a trust has any interest in the stock.

2. The Defendant, with the intent to hinder, delay, or defraud the Plaintiff, concealed property of the Defendant within one year of the filing of Defendant's bankruptcy petition.

3. In response to questions by the Plaintiff during supplemental proceedings, the Defendant held the stock in which he had a beneficial interest, at the time he claimed that he did not have any interest in any stock.

4. Defendant concealed this stock with the intent to hinder and delay the collection of Plaintiff's judgment.

5. Under §727(a)(2)(A) of the United States Bankruptcy Code debtor's discharge should be denied.

DATED this _____ day of _____, 2008.

**BY THE COURT**

_____
Judge Glen E. Clark

**APPROVED AS TO FORM:**

_____
Andres Diaz
Attorney for Defendant

ORDER SIGNED